(52 South. 671.)

No. 17,872.

MAILEY v. HELM et al.

(April 11, 1910. On Application for Rehearing, June 28, 1910.)

*(Syllabus by the Court.)*

1. DISCOVERY (§ 79*) — INTERROGATORIES TO PARTY—ANSWERS AS EVIDENCE—EFFECT ON COPARTIES.

The answers to interrogatories on facts and articles made by a mother, a codefendant in a suit to recover property belonging to the community, is binding on her to the extent of her interest in the property, but is without power to affect the interest of her minor children therein, as her interest is distinct from theirs.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 100; Dec. Dig. § 79.*]

2. DISCOVERY (§ 79*) — INTERROGATORIES TO PARTY—ANSWERS AS EVIDENCE—EFFECT ON COPARTY.

The answers of the mother, whose interest is distinct, cannot shift the burden of proof to the minors, her codefendants, so as to place on them the onus of proving that their title, which on its face is a sale, is not a deed of sale, but merely a mortgage.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 100; Dec. Dig. § 79.*]

Appeal from Civil District Court, Parish of Orleans; Walter B. Sommerville, Judge.

Action by James Mailey against Mrs. Annie E. Helm and others. Judgment for defendants, and plaintiff appeals. Modified and affirmed.

McCloskey & Benedict, for appellant. Buck, Walshe & Buck, for appellee Security Building & Loan Ass'n. Walter Adolph, undertutor ad hoc, and John W. Duffy, tutor ad hoc, for minor appellees.

———

BREAUX, C. J. The plaintiff sued the defendant to have it decreed that an act, which on its face is a sale, is not a sale, but a mortgage, secured to the Homestead Association.

Plaintiff asks to be recognized as the owner of property described in his petition, subject to the legal rights of the security and loan association, made one of the defendants, to have his name substituted to that of the original debtor without changing whatever rights the association has.

Plaintiff alleged that the sale by the Homestead Association to Mrs. Annie E. Helm was not a real sale; that it was never intended to vest the title in her; that she never went into possession or exercised the least right of an owner over the property; and that she has always recognized him as the owner.

Petitioner recognizes the right of the building and loan association to the amount stated in his petition and the mortgage by which the same is secured in favor of the association.

Plaintiff avers that the husband of defendant departed this life leaving defendant widow and four minor children. The community lately existing between husband and wife is on the face of the record the owner of the property.

Plaintiff avers that a sale to a building and homestead association, as in this case, and a resale contemporaneously made, as in this case, is a mortgage, and that, therefore, the community before mentioned has never had any right or title to the property, that the minors are unrepresented, and that the interest of the mother is distinct and different from the interest of the minors, and it is necessary that a special tutor ad hoc and a special undertutor be appointed to represent the minors in the suit.

Plaintiff propounded interrogatories on facts and articles to defendant, Mrs. Mailey, widow of Helm.

They were answered, and sustain the allegation of plaintiff that her husband never owned the property nor the community existing to the time of his death.

The court rendered judgment in favor of plaintiff and against defendant, recognizing

James Mailey to be the owner in indivision of one-half of the property, and rejected the demand as against the minors.

The Security Building & Loan Association, one of the defendants and appellees, alleged in answering the appeal: That there is error in the judgment appealed from in so far as there is judgment in favor of plaintiff against it, the association.

That whatever rights plaintiff may have are amply protected by a judgment against the other defendant. That this defendant association is a third person, who has dealt in good faith with the record owner of the property and obtained a vendor's lien.

An answer to the appeal and motion to amend the judgment, by the Building & Homestead Association, made one of the defendants to the case, was filed on the 1st day of March, 1910.

The case was in this court on the 14th day of February, 1910, assigned for trial on the 5th day of March of that year.

The application for the amendment was not timely filed.

Moreover, it does not appear wherein this defendant and appellee, the Homestead Association, so far as relates to the security it claims, is prejudiced. The motion of appellee to amend the judgment is therefore overruled.

How far the act was a mortgage?

It may be. As between plaintiff and the Homestead Association, the act of apparent transfer was in reality a mortgage. But this extends no further.

If the association for any reason chooses to transfer the property to third persons, they are protected, and cannot be divested except in manner required.

For the purpose of the loan and in order that the lending association may have a vendor's lien, the owner appears as the transferror as in case of a sale.

In this instance plaintiff sold the property as his own to the Homestead Association.

Immediately thereafter the Homestead Association sold the property to Mrs. Annie Elizabeth Mailey, the wife at that time of Charles M. Helm, and now his widow.

The title passed out of plaintiff to an extent sufficient to authorize the Homestead Association to sell it and give title as vendor.

It is stated in the brief of the learned counsel for plaintiff and appellant that the property was not the wife's paraphernal property—i. e., it is not individually hers—that it was taken into the community (if it fell anywhere it fell into the community).

The contention of plaintiff is that the children did not inherit it from the father, as he did not have any interest.

The evidence of that contention begins and ends with the answers of Mrs. Helm to the interrogatories which bind her only. It does not affect whatever rights her children may have. Their rights cannot be affected or prejudiced thereby.

Plaintiff's contention is that the burden of proof has shifted to the minors, that they must prove that the property was sold and that it was not a mortgage; in other words, that it is for them to go beyond the expression of the act, and so doing show that the declarations of the act are true. We do not agree with that view.

We can only say in answer: The title is in their names. They cannot be divested of whatever rights they may have by a ruling which would have the effect of shifting the burden of proof on them, and compelling them to prove that the declarations of plaintiff of the Homestead Association in the deeds are true; in other words, that a sale had been made, and not a mortgage, although there is not a word about a mortgage in either of the deeds.

To particularize further:

The plaintiff in the deed to the Homestead Association declared that he sold the property; that the sale was made in considera-

tion of a stated sum paid by the building association.

It is as absolute in declaration as a sale can be.

The Homestead Association had an absolute right to sell the property.

Positive, direct, and clear are the declarations contained in the deed by the Homestead Association to Mrs. Helm.

These deeds are taken as written and the declarations are construed as expressed.

It results that the half of the property as to its title must remain where the parties who have full right placed it by their own declarations.

It will not be taken away from the effect of these declarations by construing that the burden of proof has shifted, and that it devolves upon the minors to prove that it was, as it purports, a sale and that it was not a mortgage.

But we will not close the question by an absolute judgment in view of the facts and circumstances of the case.

For reasons stated, the judgment of the district court is affirmed at appellant's cost.

## On Application for Rehearing.

PER CURIAM. Petition of plaintiff for amendment of decree.

In the court below the judgment rendered absolutely rejected the demand of the plaintiff against the defendant minors. Our opinion ends with the statement that "we will not close the question by an absolute judgment in view of the facts and circumstances of the case"; but through an oversight we affirmed the judgment. We now correct the mistake by amending and recasting our decree herein so as to read as follows, to wit:

It is therefore ordered that the judgment appealed from be amended by rejecting the demand of the plaintiff against the defendant minors as in case of nonsuit; and it is further ordered that said minors pay costs of appeal.